Citation Nr: 1438770 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 10-22 216 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUES

1. Entitlement to a disability rating in excess of 10 percent for service-connected lumbar strain.

2. Entitlement to a disability rating in excess of 10 percent for cubital syndrome of the right elbow with history of carpal tunnel syndrome of the right wrist.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

B. Berry, Counsel



INTRODUCTION

The Veteran served on active duty from September 1973 to August 1993.

These matters come to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in June 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

The Veteran indicated in the May 2010 substantive appeal that he wanted a travel Board hearing. The Veteran withdrew his request for a hearing by written correspondence in May 2011. Accordingly, the Board considers the Veteran's request for a hearing to be withdrawn and it will proceed to adjudicate the case based on the evidence of record. See 38 C.F.R. § 20.704 (2013).

A November 2013 Board decision denied the Veteran's increased rating claims for lumbar strain and cubital syndrome of the right elbow with history of carpal tunnel syndrome of the right wrist. The Veteran appealed the Board's November 2013 decision to the United States Court of Appeals for Veterans Claims (Court). In May 2014, the Veteran's attorney and a representative of the VA Office of General Counsel, on behalf of the Secretary, filed a Joint Motion for Remand (Joint Motion). In a May 2014 Order, the Court granted the motion, vacated the Board's November 2013 decision and remanded the matter to the Board for action consistent with the Joint Motion.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The parties to the Joint Motion determined that the Board did not adequately consider the Veteran's functional loss, functional impairment or additional range of motion after repetitive use due to less movement than normal, excess fatigueability, pain on movement and interference with sitting, standing and/or weight bearing that was documented in the May 2009 and March 2013 VA examinations. The March 2013 VA examiner noted that the Veteran did not have additional limitation in range of motion of the thoracolumbar spine following repetitive use testing. However, he observed that there was evidence of functional loss and/or functional impairment after repetitive use due to less movement than normal, excess fatigability, pain on movement and interference with sitting, standing and/or weight bearing. Although the examiner noted that the Veteran had pain on movement, he did not state the degree to which pain started on movement. He also did not indicate the degree of additional range of motion lost due to flare-ups. In light of the foregoing, the Board finds that another VA examination is necessary in order to address these issues.

With respect to the Veteran's increased rating claim for cubital syndrome of the right elbow with history of carpal tunnel syndrome of the right wrist, the Joint Motion indicated that the March 2012 VA examination was inadequate. Specifically, the March 2012 VA examination did not consider the positive tests for carpal tunnel in 2009 and did not perform the Phalen's sign and Tinels's sign tests before determining that the Veteran' was asymptomatic. Thus, the Veteran should be provided with another VA examination to adequately evaluate the current severity of his service-connected cubital syndrome of the right elbow with history of carpal tunnel syndrome of the right wrist.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran to determine whether he has any outstanding VA or private treatment records with respect to his lumbar strain and/or cubital syndrome of the right elbow with history of carpal tunnel syndrome of the right wrist. After securing the appropriate consent, if necessary, from the Veteran, VA should attempt to obtain any such treatment records adequately identified by the Veteran that have not previously been associated with the Veteran's VA claims folder. 

2. After completing the above development and associating any additional records with the claims file, schedule the Veteran for a VA examination of the lumbar spine to determine the nature and current level of severity of his service-connected lumbar strain. The claims file must be made available to and reviewed by the examiner in conjunction with the examination. All pertinent symptomatology and findings must be reported in detail. Any indicated diagnostic tests that are deemed necessary for an accurate assessment must be conducted. The examiner must record all pertinent medical complaints, symptoms and clinical findings in detail. As to all information and opinions requested below, a complete explanation must be provided. 

a. The examiner should state whether there is any evidence of favorable or unfavorable ankylosis in the lumbar spine. Range of motion testing should also be completed and the examiner should report the point (in degrees) at which pain is objectively recorded. It should also be determined whether there is weakened movement, excess fatigability, or incoordination attributable to the Veteran's lumbar spine, expressed in terms of the degree of additional range of motion loss (if possible) due to any weakened movement, excess fatigability, or incoordination. An opinion should also be provided regarding whether any pain found on examination limits functional ability during flare-ups or during periods of repeated use, noting the degree of additional range of motion loss due to pain on use or during flare-ups (if possible). 

b. The examiner should also identify any neurological impairment(s) associated with the Veteran's back disability, including any impairment manifested by pain and numbness and describe any symptoms and functional limitations associated with such impairment(s). 

c. The examiner should indicate whether the Veteran experiences incapacitating episodes (a period of acute signs and symptoms that requires physician-prescribed bed rest) and frequency and total duration of such episodes over the course of a year. The examiner is asked to be as specific as possible with respect to the frequency and total duration of any incapacitating episodes.

3. After completing paragraph 1 and associating any additional records with the claims fil, schedule the Veteran with a VA neurological examination in order to determine the current severity of his cubital syndrome of the right elbow with history of carpal tunnel syndrome of the right wrist. The claims folder must be made available to the examiner and pertinent documents therein should be reviewed by the examiner. All necessary tests and studies should be accomplished, and all clinical findings should be reported in detail. The examiner is specifically requested to conduct Phalen's sign and Tinel's sign tests. The examiner should address the effect of the Veteran's cubital syndrome of the right elbow with history of carpal tunnel syndrome of the right wrist on his activities of daily living and occupational functioning.

An explanation for any opinions expressed should be provided.

4. Upon completion of the foregoing and any other development deemed necessary, readjudicate the Veteran's claims on appeal, based on a review of the entire evidentiary record. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and the opportunity to respond thereto. Thereafter, subject to current appellate procedure, the case should be returned to the Board for further consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MILO H. HAWLEY 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).